*222 OPINION.
MoRRis:
The facts briefly restated are that the petitioner’s distributive income from the estate of William Scott Pyle was, through error, overstated for 1920 by $10,637.56, which error, when discovered by the trustees, was corrected by withholding that amount from the normally distributable income to the petitioner for the year 1921. The petitioner contends, in effect, that, because the Surrogate’s Court of New York approved the accounting of the trustees for 1921, in which the sum in question was transferred to the corpus of the estate instead of being paid to the petitioner, it did not constitute income distributable to her within the meaning of section 219 of the Revenue Act of 1921, and, therefore, was not subject to income tax under that section. Section 219 of the Revenue Act of 1921, in so far as applicable to the question here at issue, provides:
(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—
*******
(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals * * *.
*******
(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, * * *.
Since the Act provides that there shall be included in computing the beneficiary’s net income that part of the income of the trust, which, “ pursuant to the instrument or order governing the distribution, is distributable to such beneficiary,” and since the provision of the will under which the petitioner became beneficiary provided for the payment to her of all the profits and income arising from the *223 properties held in trust, in quarter-yearly installments, there can be no question but that the entire income and profits of the estate, undiminished in any manner whatsoever, should have been included in computing the petitioner’s net income for 1921. Merely because the amount in question was not paid or distributed or, as the petitioner contends, was not “ distributable ” because of the overpayment in 1920 does not render it any the less income within the meaning of section 219, supra, and, therefore, taxable as such. The trustees simply erred in distributing to the petitioner a greater amount in 1920 than she was rightfully entitled to under the provisions of the trust indenture, which for our purpose must be regarded as creating an obligation on the part of the petitioner to reimburse the estate, out of future “ distributable ” income, the amount which had been erroneously credited or distributed to her. The error sought to be rectified occurred in 1920 and it is in that year, at least for income-tax purposes, that it must be corrected. We must, therefore, for the reasons stated, approve the findings of the respondent.

Judgment will he entered for the respondent.